UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BAKER PILE DRIVING & SITE WORK, LLC | CIVIL ACTION NO. 18-cv-0129 |
| VERSUS | CHIEF JUDGE HICKS |
| RAGNAR BENSON CONSTRUCTION, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Baker Pile Driving & Site Work, LLC ("Baker") filed this civil action against two defendants based on an assertion of diversity jurisdiction, which puts the burden on Baker to set forth facts that show that there is complete diversity of citizenship and an amount in controversy that exceeds $75,000. The amount in controversy element is satisfied, but the complaint does not adequately set forth the citizenship of the parties. Baker will need to file an amended complaint and allege the citizenship of the parties in accordance with the rules set forth below.

Baker describes itself as a Louisiana LLC with its principal place of business in Louisiana. Defendant Ragnar Benson Construction, LLC is alleged to be an Illinois LLC with its principal place of business in Illinois. The citizenship of an LLC is determined by the citizenship of all of its members, with its state of organization or principal place of business being irrelevant. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008).

"A party seeking to establish diversity jurisdiction must specifically allege the citizenship of every member of every LLC or partnership involved in a litigation." Settlement Funding, L.L.C. v. Rapid Settlements, Ltd., 851 F.3d 530, 536 (5th Cir. 2017). If the members are themselves partnerships, LLCs, corporations or other form of entity, their citizenship must be alleged in accordance with the rules applicable to that entity, and the citizenship must be traced through however many layers of members or partners there may be. Feaster v. Grey Wolf Drilling Co., 2007 WL 3146363 (W.D. La. 2007). The court has explained the need for such detail in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009) and Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014).

The complaint describes Travelers Casualty and Surety Company of America as a foreign insurer domiciled and with its principal place of business in Connecticut. The complaint does not specifically allege that Travelers is a corporation, but the other allegations imply that it may be. A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001).

The amended complaint needs to allege whether Travelers is a corporation or some other form of entity. If it is a corporation, the current allegation that Travelers is "domiciled" in Connecticut perhaps implies that Connecticut is the state where it is incorporated, but the amended complaint should allege with specificity the state of incorporation and the state where principal place of business are located. That will avoid any doubts about jurisdiction.

The Fifth Circuit emphasized the need to establish citizenship with specificity at an early stage of the case in <u>Settlement Funding</u>, where four years of litigation in federal court were wasted because the plaintiff did not properly plead citizenship in the district court. This order should help the parties avoid that fate in this case.

The court will not set a deadline for the amended complaint at this time because it realizes that Baker may not have all of the information it needs to allege the citizenship of Ragnar with specificity. When counsel for Baker is in communication with counsel for Ragnar, the necessary information should be gathered so that the jurisdictional issue can be resolved promptly. Ragnar is directed to cooperate in providing its membership information. Whether Baker is able to amend its complaint without leave of court or will be required to file a motion for leave depends on whether it acts within the time allowed by Fed. R. Civ. Pro. 15(a).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of February, 2018.

Mark L. Hornsby
U.S. Magistrate Judge