UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

BAKER PILE DRIVING & SITE WORK, LLC             CIVIL ACTION NO. 18-cv-0129

VERSUS                                          CHIEF JUDGE HICKS

RAGNAR BENSON CONSTRUCTION, LLC,                MAGISTRATE JUDGE HORNSBY
ET AL

**MEMORANDUM ORDER**

Baker Pile Driving & Site Work, LLC ("Baker") filed this civil action against two defendants based on an assertion of diversity jurisdiction, which puts the burden on Baker to set forth facts that show that there is complete diversity of citizenship and an amount in controversy that exceeds $75,000. The court noted in a prior order (Doc. 6) that the complaint satisfied the amount in controversy element but did not adequately set forth the citizenship of the parties. The court set forth the applicable rules and gave simple and straightforward instructions on what Baker needed to allege in an amended complaint to meet its burden. Baker has now filed an amended complaint that it states is designed to provide the citizenship information needed with respect to defendant Ragnar Benson Construction, LLC.

The amended complaint does not provide all necessary information to determine Ragnar's citizenship. It also makes no effort to correct the inadequacies of Baker's allegations of its own citizenship or the citizenship of defendant Travelers Casualty & Surety Company of America. Baker will be given a third opportunity to file an amended

complaint and attempt to meet its burden of establishing diversity jurisdiction. If it cannot do so, the court will have to dismiss this action for lack of jurisdiction.

The amended complaint alleges that Ragnar is an LLC whose sole member is William Charles Construction Company, LLC ("WCCC"). That member LLC is alleged to be "owned by" (1) William Charles, Ltd., an Illinois corporation, and (2) The Nathan J. Howard 2006 DYN Trust, which is described as "a citizen of Illinois." The allegation that WCCC is "owned by" William Charles, Ltd. and the Howard trust implies that they are its only two members, but any ambiguity could be resolved by a more precise allegation about the members of WCCC.

The court explained in the prior order that citizenship must be traced through however many layers of members or partners there may be. If members are themselves entities, their citizenship must be alleged in accordance with the rules applicable to that entity.

The amended complaint describes member William Charles, Ltd. as an Illinois corporation. Accordingly, the pleading must also allege with specificity the state in which William Charles, Ltd. (1) is incorporated and (2) has its principal place of business. 28 U.S.C. § 1332(c)(1).

The other member, the Howard trust, is alleged to be a citizen of Illinois, but the amended complaint provides no supporting factual detail. The citizenship of an ordinary trust is usually that of its trustee, but there are other rules depending on the precise form of the trust. <u>Americold Realty Trust v. Conagra Foods, Inc.</u>, 136 S. Ct. 1012, 1016 (2016) (for a business-type trust that is a separate unincorporated legal entity, diversity jurisdiction

depends on the citizenship of all of its members, but for a traditional trust only the citizenship of the trustee is relevant); Mullins v. TestAmerica, Inc., 564 F.3d 386, 397 n. 6 (5th Cir.2009) (the "citizenship of a trust is that of its trustee"); and Wetz v. PNC Mortgage, 2016 WL 7443286 (N.D. Tex. 2016) (applying Americold). Accordingly, if this is an ordinary trust, an amended complaint will need to identify the trustee and allege its citizenship.

The first amended complaint did not add any additional information about Baker's own citizenship. It also made no changes with respect to its allegations about Travelers. The prior Memorandum Order set forth in detail the information that is needed with respect to each of them to establish their citizenship. That information is mandatory if this case is to remain in federal court. The court will not set a deadline at this time for Baker to file a second amended complaint, but Baker needs to do so early in the case to ensure that the court has subject-matter jurisdiction over this dispute. Baker has used its one opportunity under F.R.C.P. 15(a) to file an amendment without leave, so it will need to file a motion for leave to amend when it makes its next attempt to plead grounds for diversity.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2018.

Mark L. Hornsby
U.S. Magistrate Judge