UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| BAKER PILE DRIVING & SITE WORK, LLC | CIVIL ACTION NO. 18-cv-0129 |
| VERSUS | CHIEF JUDGE HICKS |
| RAGNAR BENSON CONSTRUCTION, LLC, ET AL | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

**Introduction**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct. 1673, 1675 (1994). There is a presumption that a suit lies outside that limited jurisdiction. Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing grounds for jurisdiction rests on the party who seeks the federal forum. Settlement Funding, LLC v. Rapid Settlements, Limited, 851 F.3d 530, 537 (5th Cir. 2017).

Baker filed this civil action based on an assertion of diversity jurisdiction, which puts the burden on Baker to set forth facts that show there is complete diversity of citizenship. The court has now issued two orders (Docs. 6 and 8) that explained in careful detail exactly what Baker must allege to meet its burden. Baker has now filed an original and two amended complaints but has yet to meet that burden.

**William Charles, Ltd.**

The Second Amended Complaint (Doc. 11) alleges that Baker has one member, William Charles Construction Company, LLC. That LLC is said to have two members. The first of them is William Charles, Ltd., "a corporation which is a citizen of the State of Illinois." That is not adequate to allege the citizenship of William Charles, Ltd.

As the court explained in the first order, a corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint or notice of removal must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). Baker needs to allege that "William Charles, Ltd. was incorporated in the State of _____ and has it principal place of business in the State of _____." Each blank must be filled in with the name of a state.

**The Trust**

The second member of William Charles Construction Company, LLC is said to be a trust. The court explained in the second order that the citizenship of a trust is usually that of its trustee. Baker alleges that the trust "is a citizen of Illinois and whose trustee and sole beneficiary are citizens of the State of Illinois." That is not sufficient because the Second

Amended Complaint does not identify the trustee or even say whether it is an individual, corporation, or other form of entity. Such details and the details about the trustee's citizenship must be included if Baker is to meet its burden. The pleading should allege something like, "The trustee is Fred Smith, a citizen of Ohio" or "The trustee is First Bank Co, a corporation incorporated in the State of _____ and with it principal place of business in the State of _____."

**Travelers**

Finally, Baker alleges that Travelers is "a citizen of and corporation domiciled in the State of Connecticut, having its principal place of business in Hartford, Connecticut." That covers the principal place of business component of Travelers' citizenship, but the allegations still do not allege specifically the state in which Travelers was incorporated. The allegation that it is "domiciled" in Connecticut is perhaps intended to imply that it was incorporated there, but specificity is required when a party is attempting to meet his burden of establishing subject-matter jurisdiction. Baker should include an allegation that "Travelers Casualty and Surety Company of America was incorporated in the State of _____ and has its principal place of business in Connecticut."

**Final Chance**

The court will allow Baker a fourth and final opportunity to meet its burden of establishing subject-matter jurisdiction. The deadline for Baker to file a motion for leave to file a third amended complaint is **March 30, 2018**. The Fifth Circuit has emphasized that jurisdictional facts such as the citizenship of the parties must be stated on the record at an early stage of the case, lest the result be like that in Settlement Funding, LLC v. Rapid

Settlements, Limited, 851 F.3d 530 (5th Cir. 2017), where years of litigation in federal court were wasted because the plaintiff did not properly plead citizenship in the district court.

The court has wasted enough time. If the next amended complaint does not allege facts that demonstrate a basis for diversity jurisdiction, the case will be dismissed for lack of subject matter jurisdiction.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 20th day of March, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge